# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT D. KING, JR.**
The Law Office of Robert D. King. Jr., P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 17 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANTHONY W. BROWNING, ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 49A05-1110-CR-540 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Commissioner
Cause No. 49G04-1012-FC-091938

**July 17, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

After a jury trial, Anthony Browning was found guilty and convicted of five counts of child exploitation, all Class C felonies. Browning raises one issue for our review: whether sufficient evidence supports his convictions. Concluding the evidence is sufficient, we affirm.

## Facts and Procedural History

In June 2010, Detective Darin Odier of the Indianapolis Metropolitan Police Department, who focuses on child pornography investigations, conducted an internet investigation in search of individuals possessing and sharing child pornography. By using a file-sharing program, Detective Odier finds suspicious files shared by others and then locates the computer sharing the files. To find the computer from which particular files were shared from, Detective Odier first determines the computer's Internet Protocol ("IP") address, which, at the very least, can locate the computer within a geographic area. To find the exact computer, Detective Odier traces the Global Unique Identifier ("GUID"), a thirty-two character identifier that functions as a computer fingerprint. Finally, Detective Odier is able to trace the files based on each file's Secure Hash Algorithm ("SHA1") value, which is a fixed-length identifier associated with one specific file or image.

On this particular occasion, he identified a computer sharing 1,638 files through LimeWire, a file-sharing program, forty-two of which he deemed suspicious. Detective Odier downloaded some of these files. Four files contained photographs of the exposed genitalia of young girls, and one file contained a video of a young girl engaged in sexual intercourse. The filenames of the first two pictures included references to nine-year-old

2

girls, the third referenced an eight-year-old "preteen girl" being raped and included the word "porn," the fourth included references to a twelve-year-old girl and to child pornography, and the video's filename referenced pedophilia. State's Exhibits 3 through 7.

Detective Odier identified the computer as belonging to Browning based on the IP address and GUID. Detective Odier and other officers searched Browning's home pursuant to a search warrant and obtained his laptop computer. The GUID on Browning's laptop matched the GUID connected to the suspicious files Detective Odier found during his investigation. Examining the laptop, officers found the same files on Browning's computer.

Police officers then took a statement from Browning, in which he stated he used LimeWire to download and share files, including pornography. He acknowledged that using a file-sharing program and having his own downloaded material stored in a shared folder would enable others to access and download the files, and although he stated he would delete child pornography whenever he downloaded it, he stated that if any child pornography was still on the computer it would be in his shared folder.[1]

Browning was charged with five counts of child exploitation, all Class C felonies, and five counts of possession of child pornography. The State thereafter moved to dismiss the possession charges, and the trial court granted the State's motion. A jury found Browning guilty of all five counts of child exploitation, and the trial court entered a judgment of conviction. Browning now appeals. Additional facts will be supplied as appropriate.

---

[1] Browning's statement was recorded, admitted as evidence, and published to the jury.

## Discussion and Decision

### I. Standard of Review

Our standard of reviewing claims of sufficiency of the evidence is well settled. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. We do not reweigh the evidence or assess witness credibility. We consider conflicting evidence most favorably to the trial court's ruling. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. A conviction may be based upon circumstantial evidence alone.

Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010) (citations omitted), trans. denied.

### II. Sufficiency of the Evidence

Indiana Code section 35-42-4-4(b) provides:

(b) A person who knowingly or intentionally:
* * *
(2) disseminates, exhibits to another person, offers to disseminate or exhibit to another person, or sends or brings into Indiana for dissemination or exhibition matter that depicts or describes sexual conduct by a child under eighteen (18) years of age; . . .
* * *
commits child exploitation, a Class C felony.

Browning argues the State presented insufficient evidence that he knowingly disseminated child pornography. At most, he argues, the evidence supports a charge of possession of child pornography, which he was originally charged with before the State dismissed such charges. To disseminate for the purposes of the statute means "to transfer possession for free or for a consideration." Ind. Code § 35-42-4-4(a)(1). A person

4

knowingly engages in conduct when he is aware of a high probability that he is doing so. Gale v. State, 882 N.E.2d 808, 816 (Ind. Ct. App. 2008).

Detective Odier testified at trial and explained file-sharing programs such as LimeWire:

> [T]he whole purpose of the file sharing program is in its name; you share files with other people. You can access files from other people on LimeWire and they can access what you determine you want to have shared. And part of the setup of LimeWire is determining . . . what folder you want your files to go into that you're going to share with the world . . . . You specify a folder that has files in it that you will share with other people using this program.

Transcript at 59-60.

Browning's statement to police officers reveals he knew his files on LimeWire were capable of being downloaded by others using the program. He acknowledged downloading child pornography in the past on at least one occasion, but he claimed he would delete such files rather than keep them on his computer. Nevertheless, he downloaded the files, they were on his computer when police officers retrieved it, and he knew files on his computer could be shared. Even if Browning did not open and view the files once they were downloaded, their filenames included several references indicating their contents were child pornography. Further, because he kept them in a folder to share with others, he should have known there was a high probability others would download the files. And Detective Odier did in fact download the files. The evidence sufficiently demonstrates Browning knowingly disseminated child pornography.

## Conclusion

Sufficient evidence exists to support Browning's convictions for child exploitation. We therefore affirm.

5

Affirmed.

BAILEY, J., and MATHIAS, J., concur.